# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1476V
Filed: January 17, 2019
Not to be Published

*************************************
| | |
|---|---|
| DARYL DAWSONIA, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *    Attorneys' fees and costs decision; |
| | *    Reasonable attorneys' fees and |
| SECRETARY OF HEALTH | *    costs |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

*************************************

Ronald C. Homer, Boston, MA, for petitioner.
Glenn A. Macleod, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 7, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine he received on December 19, 2012 in his left deltoid caused him a shoulder injury related to vaccine administration ("SIRVA"). Pet. and Amended Pet.

On July 16, 2018, the parties filed a stipulation in which they agreed to settle this case. On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. On July 17, 2018, the parties filed a joint notice not to

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

seek review. On July 18, 2018, judgment was entered.

On November 11, 2018, petitioner filed an application for attorneys' fees and costs, requesting $33,728.75 in attorneys' fees and $4,490.36 in attorneys' costs, for a total request of $38,219.11. Petitioner did not request any personal costs.

On November 26, 2018, respondent filed a response to petitioner's motion stating that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Doc 71 at 2. Respondent respectfully recommended that the undersigned rely on her prior experience and exercise her discretion to determine a reasonable award for attorneys' fees and costs. Id. at 2-3.

This matter is now ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to duplicative billing and billing for intra-office communication. Soto v. Sec'y of HHS, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); Carcamo v. Sec'y of HHS, No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (2009).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance with what the other special masters have awarded Conway Homer firm attorneys and paralegals and in accordance with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.

However, after reviewing the billing records, the undersigned finds that counsel included entries that are duplicative due to both attorneys and paralegals billing for attending the same case meetings/conferences and communicating with each other regarding the same matters. There were duplicative billing entries for time billed for intra-office meetings and intra-office communications on November 30, 2015, May 13, 2016, September 2, 2016, October 12, 2016, July 19, 2017, August 31, 2017, October 11, 2017, January 16, 2018, January 23, 2018, and January 25, 2018. These duplicative billing entries result in a **deduction of $377.90** of the fee award.

The undersigned finds the attorneys' costs requested reasonable.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. The court awards **$37,841.21**, representing attorneys' fees and costs, in the form of a check made payable jointly to petitioner and the law office of Conway Homer, PC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 17, 2019                                            /s/ Laura D. Millman
                                                                                  Laura D. Millman
                                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.